| |
|---|
| **Orphion Therapeutics, Inc. v Children's Hosp. of Philadelphia** |
| 2025 NY Slip Op 33026(U) |
| August 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 655222/2024 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

ORPHION THERAPEUTICS, INC.,

Plaintiff,

- v -

THE CHILDREN'S HOSPITAL OF PHILADELPHIA,
LATUS BIO, INC.,BEVERLY DAVIDSON,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655222/2024 |
| **MOTION DATE** | 07/10/2025 |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155

were read on this motion to/for      ENFORCE/EXEC JUDGMENT OR ORDER     .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 8.4.2025), Orphion Therapeutics, Inc. (**Orphion**)'s motion to hold the Children's Hospital of Philadelphia (**CHOP**) in civil contempt pursuant to CPLR § 5104 and Judiciary Law §§ 753, 756, and 773 for failing to comply with the prior Decision and Order of this Court, dated May 9, 2025 (the **Prior Decision**; NYSCEF Doc. Nos. 126-129) is GRANTED solely to the extent that CHOP must withdraw all claims filed in Philadelphia that arise out of the License Agreement (hereinafter defined) within three business days of this Decision and Order or be held in contempt of court.

This is the court of primary jurisdiction as to those claims.

Pursuant to the Prior Decision, the Court held that Section 15.5 of the Children's Hospital of Philadelphia Patent License Agreement-Exclusive (the **License Agreement**; NYSCEF Doc. No.

655222/2024 ORPHION THERAPEUTICS, INC. vs. THE CHILDREN'S HOSPITAL OF
PHILADELPHIA ET AL
Motion No. 009

Page 1 of 4

3), dated October 28, 2019, by and between CHOP and Orphion, requires that all actions arising out of the License Agreement to be litigated in New York:

> **15.5** All disputes between the Parties shall be governed by the laws of New York not withstanding any of that state's laws to the contrary, and without regard to principles of conflicts of laws; provided, however, the foregoing shall not apply to disputes arising out of or relating to intellectual property which shall be governed by applicable federal laws and/or laws of New York (without regard for principles of conflicts of laws) as they apply to the given situation. ***The Parties further expressly agree that the exclusive venue for the resolution of any such disputes (including intellectual property) shall be the state and federal courts located in New York and that such courts shall have exclusive jurisdiction.*** The Parties hereby submit themselves to venue in New York and to the exclusive jurisdiction of such courts for such purposes. EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT IT MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER AND ANY CLAIM OF INCONVENIENT FORUM OF ANY COURT IN NEW YORK.

(*id.* § 15.5 [emphasis added]).

For clarity, because the complaint included claims which not only arose out of the License Agreement but also arose out of the Vector Purchase Agreement (the **Purchase Agreement**; NYSCEF Doc. No. 4), dated September 11, 2020, by and between CHOP and Orphion, which provides that "[a]ny legal action involving this Agreement, or the Material will be adjudicated in the courts residing in Philadelphia, Pennsylvania, without regard to its conflict of laws doctrine" (*id.* § 14.1), the Court required Orphion to file an amended complaint removing any claims that arise out of the Purchase Agreement. Unquestionably, the filing of a complaint in Pennsylvania which includes requests for relief as it relates to Orphion's claims here that arise out of the License Agreement violates both the parties' agreement set forth in the License Agreement, and this Court's Prior Decision.

**655222/2024  ORPHION THERAPEUTICS, INC. vs. THE CHILDREN'S HOSPITAL OF PHILADELPHIA ET AL**
**Motion No.  009**

**Page 2 of 4**

[* 2]

2 of 4

To make a finding of civil contempt, the court must determine that (i) a lawful order of the court clearly expressing an unequivocal mandate was in effect, (ii) it appears with reasonably certainty that the order has been disobeyed, (iii) the party to be held in contempt had knowledge of the court's order, and (iv) the right of a party to the litigation is prejudiced (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]). Civil contempt must be demonstrated by clear and convincing evidence (*Classe v Silverberg*, 168 AD3d 603, 604 [1st Dept 2019]).

For the avoidance of doubt, CHOP **must** withdraw its claims from the Pennsylvania court to the extent that any such disputes arise out of the License Agreement pursuant to which the exclusive venue is the state and federal courts of New York (*see* NYSCEF Doc. No. 3 § 15.5), within three business days of this Decision and Order. If CHOP fails to comply with the unequivocal mandate set forth in the Prior Decision and in this Decision and Order, then Orphion may renew its request and this Court shall hold CHOP in contempt of Court.

Additionally, CHOP is ordered to bring a copy of this Decision and Order to the attention of the Eastern District of Pennsylvania Court by 10 am tomorrow morning.

Accordingly, it is hereby

ORDERED that Orphion's motion to hold CHOP in civil contempt pursuant to CPLR § 5104 and Judiciary Law §§ 753, 756, and 773 is GRANTED solely to the extent set forth herein; and it is further

**655222/2024 ORPHION THERAPEUTICS, INC. vs. THE CHILDREN'S HOSPITAL OF PHILADELPHIA ET AL
Motion No. 009**

**Page 3 of 4**

3 of 4

[* 4]

ORDERED that CHOP shall withdraw any claims from the Pennsylvania matter that arise under the License Agreement, in accordance with the rulings set forth herein, within three business days of this Decision and Order, and if CHOP fails to do so, then Orphion may move by order to show cause to renew its motion for contempt; and it is further

ORDERED that CHOP shall bring a copy of this Decision and Order to the attention of the Eastern District of Pennsylvania Court by August 5, 2025 at 10:00 am; and it is further

ORDERED that CHOP is directed to order and upload a copy of the transcript (*tr.* 8.4.2025) to NYSCEF.

20250804160151ABORROK0D07D63026624A8D833AFBB102CE2354

| **8/4/2025** | | | |
|---|---|---|---|
| **DATE** | | | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655222/2024   ORPHION THERAPEUTICS, INC. vs. THE CHILDREN'S HOSPITAL OF PHILADELPHIA ET AL**
**Motion No.  009**

**Page 4 of 4**

4 of 4